JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
JEFFREY E. STAPLES, Washington Bar No. 45035
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235
E-Mail: jeff.staples@ssa.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JAQUELINE K. LONGWILL,

        Plaintiff,

    vs.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:23-cv-00160-CLB

**ORDER GRANTING UNOPPOSED
MOTION FOR RELIEF FROM JUDGMENT
UNDER FED. R. CIV. P. 60(b)**

Defendant moves, with no objection from Plaintiff, for relief from the Court's judgment. *See* ECF No. 18. The Court's order (ECF No. 17) contemplates a remand under the sixth sentence of 42 U.S.C. § 405(g) (sentence six), where the Court retains jurisdiction and no judgment should be entered.

Sentence six provides that the Court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). That is what happened here: the Court found "that the new evidence is material and the good cause requirement is met," so the Court "remands this issue to the agency for consideration of the medical evidence provided by Longwill in her motion for remand." ECF No. 17 at 12.

Under sentence six, though, the Court should not divest itself of jurisdiction over this action by entering judgment, as it does under sentence four.[1] Rather, sentence six explains that once the reviewing court orders the Commissioner to take additional evidence,

> the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g). The U.S. Supreme Court has explained that in § 405(g) actions (such as this one), remand orders "must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by

---

[1] Under sentence four, the reviewing court enters "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Congress in sentence six." *Melkonyan v. Sullivan*, 501 U.S. 89, 101–02 (1991). Under sentence six, the reviewing court "retain[s] jurisdiction" while the remand proceedings are taking place. *Id*. at 99. The court does not enter a judgment "until after the postremand proceedings are completed" and the Commissioner returns to court to file the modified findings of fact. *Id*. at 102.

Here, although the remand orders derived from sentence six, the Court mistakenly divested itself of jurisdiction over this action by entering a judgment and closing the case. ECF No. 18. The Commissioner asks the Court to vacate the judgment and retain jurisdiction over this action until after the postremand proceedings are concluded and the parties return with the modified findings of fact, in compliance with sentence six. Plaintiff has no opposition to this motion.

Dated: October 13, 2023

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

/s/ *Jeffrey E. Staples*
JEFFREY E. STAPLES
Special Assistant United States Attorney

## ORDER

Consistent with the above, **IT IS ORDERED** that the motion for relief from judgment, (ECF No. 19), is **GRANTED**.

**IT IS FURTHER ORDERED** that the entry of judgment, (ECF No. 18), is **VACATED**.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over this action until after the post-remand proceedings are concluded and the parties return with the modified findings of fact, in compliance with sentence six.

**IT IS FURTHER ORDERED** that this case shall be **ADMINISTRATIVELY CLOSED** until further order of the Court.

**DATED**: October 16, 2023.

UNITED STATES MAGISTRATE JUDGE